**Thomas E. Beck, Esq.** (SBN 81557)
THE BECK LAW FIRM
10377 Los Alamitos Boulevard
Los Alamitos, California 90720
Telephone No. (562) 795-5835
Facsimile No. (562) 795-5821
email: Becklaw@earthlink.net

Attorneys for Plaintiffs

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA STEFANO, SUZI CARMICHAEL, ELIZABETH STEFANO, IAN HARROWER, DANIELA LOPEZ BALBONTIN, LUCAS SCHAFER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF LONG BEACH, QUINCY MILES #6300, individually and as a peace officer JONATHAN STEINHOUSER #6060, individually and as a peace officer, NICHOLAS HO #6316 individually and as a peace officer, ALFREDO CHAIREZ #10073 individually and as a peace officer, DANNY HERNANDEZ #10028, individually and as a peace officer, EDDIE SANCHEZ #10036 individually and as a peace officer, SGT. MILTON G. THOMAS #5220, individually and as a peace officer, SGT. GORDON W. COLLIER #3726 individually and as a peace officer, DOES 1-10, inclusive.<br><br>Defendants. | No. CV 10-6202DSF(JCx)<br><br>1st AMENDED COMPLAINT FOR DAMAGES<br><br>1. Violation of Civil Rights (42 U.S.C. §1983)<br><br>2. *Monell* Claim (42 U.S.C. §1983)<br><br>**DEMAND FOR JURY TRIAL** |

### JURISDICTION

1. Jurisdiction of this court is invoked under 28 U.S.C. §§ 1343, (1), (2), (3) and (4). This action at law for money damages arises under Title 42 U.S.C. Section 1983 and the United States Constitution, the laws of the State of California

and common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

2.   At all times herein mentioned, Plaintiffs were residents of the County of Los Angeles.

3.   At all times herein mentioned, Defendants QUINCY MILES #6300, JONATHAN STEINHOUSER #6060, NICHOLAS HO #6316, ALFREDO CHAIREZ #10073, DANNY HERNANDEZ #10028, EDDIE SANCHEZ #10036 SGT. MILTON G. THOMAS #5220, SGT. GORDON W. COLLIER #3726 and DOES 1-10, inclusive were and are employees of the LONG BEACH POLICE DEPARTMENT.

4.   Defendant CITY OF LONG BEACH (hereinafter referred to as "CITY") is and at all times herein mentioned has been a public entity and an incorporated county duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LONG BEACH POLICE DEPARTMENT, and particularly said Department's Patrol, Internal Investigations and Training and Personnel Divisions and other operations and subdivisions presently unidentified to Plaintiffs, and their tactics, methods, practices, customs and usages.

5.   Plaintiffs are informed and believe and thereon alleges that each of the Defendants designated as a DOE is intentionally and otherwise responsible in some manner for the events and happenings herein referred to, and thereby proximately

caused injuries and damages as herein alleged. The true names and capacities of DOES 1 through 10, inclusive, and each of them, are not now known to Plaintiffs who therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint in accordance with California Code of Civil Procedure Section 474 to show their true names and capacities when same have been ascertained.

6. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established law.

7. The incidents complained of began on September 12, 2008 at 2153 CHARLEMAGNE ST. City of Long Beach. Said residence was owned by Plaintiff DEBRA STEFANO. Plaintiffs DEBRA STEFANO, SUZI CARMICHAEL, ELIZABETH STEFANO and LUCAS SCHAFER resided at the Charlemange address. Plaintiffs IAN HARROWER, DANIELA LOPEZ BALBONTIN were invited guests. Beginning at approximately 11:00pm, defendants HO and STEINHOUSER were sent to investigate a loud party call, arriving with defendant MILES. HO and STEINHOUSER were standing at the front door when Plaintiff DEBRA STEFANO pulled into her driveway. DEBRA STEFANO approached HO and STEINHOUSER, inquiring why they were there as there was no noticeable disturbance or loudness. STEINHOUSER did not answer, stating "Everyone needs to leave." STEINHOUSER demanded DEBRA STEFANO's identification which she gave him. STEINHOUSER again demanded everyone inside had to leave without explanation. DEBRA STEFANO verbally challenged the defendants' order asking for an explanation. STEINHOUSER suddenly grabbed DEBRA STEFANO, spun her around and handcuffed her without saying another word. DEBRA STEFANO informed STEINHOUSER and HO they did not have permission to enter her home. Defendant HO seized DEBRA STEFANO and escorted her to a patrol vehicle parked

1  in the street, leaving STEINHOUSER and MILES at the entrance. Defendants
2  STEINHOUSER, MILES, SANCHEZ, CHAIREZ and DOES 1-3, entered plaintiff
3  home and stood inside the front door asking for the owner, although STEINHOUSER
4  already had been told by DEBRA STEFANO she was the owner. STEINHOUSER
5  asked who lived in the house. Plaintiff ELIZABETH STEFANO answered she did
6  and asked why the officers were present. STEINHOUSER promptly snatched
7  ELIZABETH, cuffed her and shoved her onto a couch, causing a gasp from the
8  others in the room. Plaintiff SUZI CARMICHAEL spoke up, asking the officers what
9  they were doing. An unidentified officer approached and shoved CARMICHAEL
10 backwards, causing her to violently strike a wall. Stunned, CARMICHAEL rose to
11 her feet whereupon she was shot for no legitimate reason with a taser weapon by
12 DEFENDANT MILES. CARMICHAEL fell to her knees and was quickly
13 handcuffed as LUCAS SCHAFER was awakened and entered the living area. Upon
14 SCHAFER's arrival and asking what was going on, SCHAFER was quickly grabbed.
15 SCHAFER promptly phoned 911 advising of the officers being "out of control" and
16 in the house. Defendants approached SCHAFER, asked if he was the person phoning
17 911 and when SCHAFER identified himself as such, officers maliciously handcuffed,
18 SCHAFER causing severe pain and permanent injury. Officers in the living room
19 were shouting for everyone to leave. Plaintiffs HARROWER and BALBONTIN had
20 been watching the officers during the seizure of ELIZABETH and tasing of Plaintiff
21 SUZI CHARMICHAEL, verbally challenging the officers' behavior. Defendant
22 MILES became angered at HARROWER's protests, rushed and physically battered
23 HARROWER, knocking him forcibly into Plaintiff BALBONTIN. HARROWER and
24 BALBONTIN crashed into a table and to the ground, causing significant physical
25 injuries. MILES and several other officers accosted HARROWER, handcuffing him
26 for no lawful reason. Defendant MILES directed officers to arrest BALBONTIN. She
27 was not.
28     While seated in the rear of a patrol vehicle with access to his telephone,

1  Plaintiff SCHAFER once again telephoned 911 to report officers wildly out of
2  control at the house. An officer approached shortly thereafter and removed
3  SCHAFER's telephone.
4      Defendants THOMAS and COLLIER, supervisors of the officers on scene,
5  arrived and began making inquires about why plaintiffs were in custody, why
6  CARMICHAEL had been shot with a Taser and why force had been used against the
7  plaintiffs. THOMAS and COLLIER quickly determined from witnesses that their
8  peace officer co-defendants had gone overboard. THOMAS and COLLIER joined
9  into an ongoing conspiracy to conceal their co-defendants lawlessness. Rather than
10 order the immediate release the plaintiffs as they had committed no offenses,
11 THOMAS and COLLIER turned a blind eye to their subordinates wrongdoing and
12 actively participated in the fabrication of probable cause to arrest and book plaintiffs.
13     Plaintiff CARMICHAEL was taken as a prisoner to a local emergency room
14 to be examined for her injuries and then taken to the Long Beach Police Department
15 jail for booking. All other plaintiffs were removed to the Long Beach Police
16 Department, each without lawful justification or probable cause, were jailed and
17 booked. While in custody, Plaintiffs repeatedly complained about their mistreatment
18 and unlawful jailing, attempting to have someone take a complaint and the timely use
19 of a telephone but were denied in violation of California Penal Code section 832.5
20 and LBPD rules and regulations.
21     Defendants, and each of them, agreed and conspired with one another to create
22 the appearance of probable cause for their unprovoked seizures and malicious uses
23 of force against the plaintiffs by preparing knowingly false and misleading crime
24 and arrest reports that lead to the filing of misdemeanor criminal complaint
25 8LG07702 by the Long Beach City Prosecutor. Said filing tolled the applicable
26 statute of limitations pursuant to Cal. Govt. Code §945.3 and Penal Code § 851.5
27 until dismissed July 1, 2009 as to Plaintiffs ELIZABETH STEFANO, DEBRA
28 STEFANO, and LUCAS SCHAFER. On October 2, 2009 dismissal were entereed

as to Plaintiffs SUZI CARMICHAEL and IAN HARROWER. Plaintiff BALBONTIN was not booked or prosecuted.

Defendants retained counsel to defend the groundless accusations by July 1, 2009 all criminal charges were dismissed against plaintiffs DEBRA STEFANO, LUCAS SCHAFER and ELIZABETH STEFANO, thereby terminating the malicious and fraudulent criminal proceedings caused to be brought against them by defendants.

Plaintiffs renewed their complaints to the LONG BEACH POLICE DEPARTMENT's INTERNAL AFFAIRS unit. In the custom and practice of the LONG BEACH POLICE DEPARTMENT, to insure officers and the department are were shielded from wrongful misconduct, a cover-up administrative, rather than, criminal investigation was undertaken. Notwithstanding obvious and uncontradicted evidence of criminal, tortious and administrative wrongdoing by each of the individual defendants, Defendant CITY OF LONG BEACH, refused to act upon the evidence but rather, with full knowledge of the defendants' wrongdoing, ratified the misconduct, informing plaintiffs that their complaints were unfounded, furthering the conspiracy to cover up the egregious official wrongdoing by the individual defendants.

## FIRST CAUSE OF ACTION

**(VIOLATION OF FEDERAL CIVIL RIGHTS - EXCESSIVE FORCE, FALSE ARREST, MALICIOUS PROSECUTION AND CONSPIRACY - 42 U.S.C. § 1983)**
**(By Plaintiffs Against All Individual Defendants)**

8. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 7 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

9. This action at law for money damages arises under Title 42 U.S.C. § 1983 and the United States Constitution, the laws of the State of California and

common law principles to redress a deprivation under color of state law of rights, privileges and immunities secured to Plaintiffs by said statutes, and by the First, Fourth, and Fourteenth Amendments of the United States Constitution.

10. Commencing at or about the aforementioned date and place, without cause or justification, and acting under color of law, Defendants QUINCY MILES #6300, JONATHAN STEINHOUSER #6060, NICHOLAS HO #6316, ALFREDO CHAIREZ #10073, DANNY HERNANDEZ #10028, EDDIE SANCHEZ #10036 SGT. MILTON G. THOMAS #5220, SGT. GORDON W. COLLIER #3726 and DOES 1-10, and each of them, intentionally and maliciously deprived Plaintiffs of rights secured to them against unreasonable seizures, retaliatory police action and unjustified force by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

11. Defendants, and each of them, carried out and perpetrated the mutually supportive conspiracy to deprive Plaintiffs of their rights against unreasonable seizures, due process, a fair trial and freedom from groundless criminal prosecutions by participating in a mutually supportive, corrupt effort to fraudulently convict plaintiffs on false charges manufactured and supported by defendants QUINCY MILES #6300, JONATHAN STEINHOUSER #6060, NICHOLAS HO #6316, ALFREDO CHAIREZ #10073, DANNY HERNANDEZ #10028, EDDIE SANCHEZ #10036 SGT. MILTON G. THOMAS #5220, SGT. GORDON W. COLLIER #3726 and DOES 1-10.

12. As a proximate result of the aforesaid acts and omissions of Defendants, and each of them, Plaintiffs sustained great physical and mental pain and shock to their nervous systems, fear, anxiety, torment, degradation and emotional distress.

13. By reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiffs incurred medical and therapeutic expenses in an amount as proved.

14. In addition, by reason of the aforementioned acts and omissions of Defendants, and each of them, Plaintiffs were kept from attending to their usual occupations, and have suffered loss and impairment of earnings and employment opportunities all to their damage in an amount as proved.

15. By reason of the aforementioned acts of Defendants, and each of them, Plaintiffs were compelled to secure the services of an attorney at law to redress the wrongs hereinbefore mentioned and by virtue thereof, Plaintiffs are indebted and liable for attorneys fees.

16. The aforementioned acts and omissions of Defendants were committed by each of them knowingly, wilfully and maliciously, with the intent to harm, injure, vex, harass and oppress Plaintiffs with a conscious disregard of Plaintiff's constitutional rights and by reason thereof, Plaintiffs seeks punitive and exemplary damages from Defendants, and each of them, (except Defendant CITY) in an amount as proved.

## SECOND CAUSE OF ACTION
### (UNLAWFUL CUSTOM AND PRACTICE UNDER SECTION 1983)
### (By Plaintiff Against Defendant City)

17. Plaintiffs refer to and replead each and every allegation contained in paragraphs 1 through 18 of this complaint, and by this reference incorporates the same herein and makes each a part hereof.

18. Defendant CITY is and at all times herein mentioned has been a public

entity and an incorporated municipality duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CITY, possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the LONG BEACH POLICE DEPARTMENT and its tactics, methods, practices, customs and usages related to internal investigations, personnel supervision and records maintenance, and the proper uses of force by its rank and file, generally.

19. At all times herein mentioned, Defendants QUINCY MILES #6300, JONATHAN STEINHOUSER #6060, NICHOLAS HO #6316, ALFREDO CHAIREZ #10073, DANNY HERNANDEZ #10028, EDDIE SANCHEZ #10036 SGT. MILTON G. THOMAS #5220, SGT. GORDON W. COLLIER #3726 and DOES 1-10, were employees acting under the CITY'S direction and control, who knowingly and intentionally promulgated, maintained, applied, enforced and suffered the continuation of policies, customs, practices and usages in violation of the First, Fourth, and Fourteenth Amendments respectively to the United States Constitution, which customs, policies, practices and usages at all times herein mentioned deployed, retained and assigned persons as peace officers who have repeatedly demonstrated their propensities for brutality, dishonesty, bigotry, and numerous other serious abuses of their duties as peace officers in the employment of the CITY.

20. Defendant CITY knowingly maintains and permits official *sub-rosa* policies or customs of permitting the occurrence of the kinds of wrongs set forth above, by deliberate indifference to widespread police abuses, including but not limited to unlawfully arresting and booking citizens for allegedly violating Penal Code Sections 148, 243, 69 and LBMC 9.31.010, intentionally failing and refusing to fairly and impartially investigate, discipline or prosecute peace officers who commit acts of felonious dishonesty and crimes of violence, each ratified and

approved by Defendant CITY and the LONG BEACH CITY PROSECUTOR.

21. The unconstitutional policies, practices or customs promulgated, sanctioned or tolerated by defendant CITY include, but are not limited to:

(1) Defendant CITY had knowledge, prior to and since this incident, of repeated allegations of abuse and assaultive misconduct toward detainees and arrestees; Specifically, CITY knew Defendants QUINCY MILES #6300, JONATHAN STEINHOUSER #6060, NICHOLAS HO #6316, ALFREDO CHAIREZ #10073, DANNY HERNANDEZ #10028, EDDIE SANCHEZ #10036 SGT. MILTON G. THOMAS #5220, SGT. GORDON W. COLLIER #3726 and DOES 1-10, had in the past and since September 12, 2008 committed similar acts of official dishonesty and abuse while purporting to act under the authority of their offices;

(2) Defendants CITY had knowledge, prior to and since this incident, of similar allegations of abuse and dishonesty by Defendants, and refused to enforce established administrative procedures to insure the safety of detainees and arrestees;

(3) Defendants CITY refused to adequately discipline individual officers and employees found to have committed acts of abuse and misconduct;

(4) Defendants CITY refused to competently and impartially investigate allegations of abuse and misconduct alleged to have been committed by LONG BEACH POLICE DEPARTMENT officers and employees;

(5) Defendants CITY reprimanded, threatened, intimidated, demoted and fired officers who reported acts of abuse by other officers;

(6) Defendants CITY covered up acts of misconduct, criminal

violations and abuses by LONG BEACH POLICE DEPARTMENT officers and sanctioned a code of silence by and among officers;

(7) Defendants CITY knew of and sanctioned the custom and practice of falsely arresting, booking and charging victims of officer abuse with violations of California Penal Code Sections 69, 148, 243, 415, 647(f) and LBMC 9.31.010.

(8) Defendants CITY failed to adequately train and educate officers in the principals of reasonable cause to take a person's freedom, the use of reasonable and proper uses of force and failed to enforce the department's written regulations with respect to uses of force and lawless arrests;

(9) Defendants CITY failed to adequately supervise the actions of officers under their control;

(10) Defendants CITY, together with the Long Beach City Prosecutor, condoned and participated in the practice of prosecuting groundless criminal charges for the purpose of insulating LONG BEACH POLICE DEPARTMENT and its officers from civil liability and reducing or dismissing criminal charges against individuals in return for releasing them from civil liability;

(11) Defendants CITY condones and encourages a conspiracy of silence among its employees for the purpose of concealing and furthering wrongful and illegal conduct by its police department employees;

(12) Defendants CITY engage in the custom and practice of refusing to provide public prosecutors and criminal defendants exculpatory and impeaching evidence as required by law.

(13) Defendant CITY fostered and encouraged an atmosphere of lawlessness, abuse and misconduct, which by September 12, 2008 and thereafter, represented the unconstitutional policies, practices and customs of the CITY and

LONG BEACH POLICE DEPARTMENT.

22. By reason of the aforesaid policies, customs, practices and usages, plaintiffs First, Fourth, and Fourteenth Amendments to the United States Constitution were deprived.

**PRAYER**

WHEREFORE, Plaintiffs pray judgment against Defendants and each of them, as follows:

AS TO EACH CAUSE OF ACTION AS APPLICABLE

1. For General damages according to proof;
2. For Special damages according to proof;
3. For Punitive damages as provided by law, in an amount to be proved against each individual Defendant;
4. For attorney's fees pursuant to 42 U.S.C § 1988;
5. For Costs of suit;
6. For such other and further relief as the Court may deem proper.

DATED: October 13, 2010

THE BECK LAW FIRM

By: Thomas E. Beck
Attorneys for Plaintiffs

## PLAINTIFF'S JURY DEMAND

Plaintiffs hereby demands a trial by jury.

DATED: October 13, 2010

THE BECK LAW FIRM

By: Thomas E. Beck
Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY**

This case has been assigned to District Judge Dale S. Fischer and the assigned discovery Magistrate Judge is Jacqueline Chooljian.

The case number on all documents filed with the Court should read as follows:

```
CV10- 6202 DSF (JCx)
```

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

===========================================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)   NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| Debra Stefano, Suzi Carmichael, Elizabeth Stefano, Ian Harrower, Daniela Lopez Balbontin, Lucas Schafer <br> *Plaintiff* <br> v. <br> City of Long Beach, (See attachment) <br> *Defendant* | ) ) ) ) ) ) ) ) ) Civil Action No. CV 10-6202 DSF (JCx) |

## SUMMONS IN A CIVIL ACTION
### On First Amended Complaint

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:  Thomas E. Beck, Esq.
THE BECK LAW FIRM
10377 Los Alamitos Boulevard
Los Alamitos, California 90720
(562) 795-5835

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: OCT 18 2010

*Signature of Clerk or Deputy Clerk*

Civil Action No.  CV 10-6202 DSF (JCx)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____, a person of suitable age and discretion who resides there,
on *(date)* _____, and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____, who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify)*:
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____      _____
                              *Server's signature*

                              _____
                              *Printed name and title*

                              _____
                              *Server's address*

Additional information regarding attempted service, etc:



## ATTACHMENT TO SUMMONS ON FIRST AMENDED COMPLAINT

QUINCY MILES #6300, individually and as a peace officer JONATHAN STEINHOUSER #6060, individually and as a peace officer, NICHOLAS HO #6316 individually and as a peace officer, ALFREDO CHAIREZ #10073 individually and as a peace officer, DANNY HERNANDEZ #10028, individually and as a peace officer, EDDIE SANCHEZ #10036 individually and as a peace officer, SGT. MILTON G. THOMAS #5220, individually and as a peace officer, SGT. GORDON W. COLLIER #3726 individually and as a peace officer, DOES 1-10, inclusive.

                                                               Defendants.

# CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing self ☐)

DEBRA STEFANO, SUZI CARMICHAEL, ELIZABETH STEFANO, IAN HARROWER, DANIELA LOPEZ BALBONTIN

**DEFENDANTS**

CITY OF LONG BEACH, (See attachment)

COPY

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Thomas E. Beck, Esq. (SBN 81557)
THE BECK LAW FIRM
10377 Los Alamitos Boulevard; (562) 795-5835

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☒ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify):
☐ 6 Multi-District Litigation
☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No  ☒ **MONEY DEMANDED IN COMPLAINT: $** According to Proof

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
1. Violation of Civil Rights (42 U.S.C. §1983); 2. Monell Claim (42 U.S.C. §1983)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | | | FORFEITURE/ PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | | ☒ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus- Alien Detainee | | | |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV10 6202**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)      CIVIL COVER SHEET      Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                              ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              ☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Unknown, incident took place in Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
   **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____ Date August 17, 2010

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 S.C. (g)) |

## ATTACHMENT TO CIVIL COVER SHEET

QUINCY MILES #6300, individually and as a peace officer JONATHAN STEINHOUSER #6060, individually and as a peace officer, NICHOLAS HO #6316 individually and as a peace officer, ALFREDO CHAIREZ #10073 individually and as a peace officer, DANNY HERNANDEZ #10028, individually and as a peace officer, EDDIE SANCHEZ #10036 individually and as a peace officer, SGT. MILTON G. THOMAS #5220, individually and as a peace officer, SGT. GORDON W. COLLIER #3726 individually and as a peace officer, DOES 1-10, inclusive.

                                                              Defendants.