1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA (WESTERN DIVISION)

10
11

| | |
|---|---|
| DEBRA STEFANO, SUZI CARMICHAEL, ELIZABETH STEFANO, IAN HARROWER, DANIELA LOPEZ BALBONTIN, LUCAS SCHAFER,<br><br>        Plaintiffs,<br><br>   vs.<br><br>CITY OF LONG BEACH, QUINCY MILES #6300, individually and as a peace officer, JONATHAN STEINHOUSER #6060, individually and as a peace officer, NICHOLAS HO #6316, individually and as a peace officer, ALFREDO CHAIREZ #10073, individually and as a peace officer, DANNY HERNANDEZ #10028, individually and as a peace officer, EDDIE SANCHEZ #10036, individually and as a peace officer, SGT. MILTON G. THOMAS #5220, individually and as a peace officer, SGT. GORDON W. COLLIER #3726, individually and as a peace officer, DOES 1 – 10, inclusive,<br><br>        Defendants. | Case No.:  CV10-6202 DSF (JCx)<br><br><br>**PROTECTIVE ORDER**<br><br>**[CHANGES MADE BY COURT]** |

It appearing that the individual police officers have privacy interests in information requested by Plaintiff from the files of the Long Beach Police Department, the Parties nevertheless wish to cooperate with discovery while protecting the interests of the

1

police officers named as defendants herein, the parties agree that the following Protective Order shall apply to the information released by the Long Beach Police Department to the Plaintiff in this action.

1. Attorneys for the parties shall receive from the Long Beach Police Department Custodian of Records copies of portions of the personnel files of defendant officers QUINCY MILES, JONATHAN STEINHAUSER, NICHOLAS HO, ALFREDO CHAIREZ, DANNY HERNANDEZ, EDDIE SANCHEZ, SGT. MILTON G. THOMAS and SGT. GORDON W. COLLIER, including relevant Internal Affairs history of defendants, personnel complaints and records of discipline.

2. Attorneys for the parties shall personally secure and maintain said copies in their possession to the end that said copies are to be used only for the purposes set forth below and for no other purpose.

3. Copies of the record shall only be used for preparing for and prosecuting or defending this case pending the completion of the judicial process including appeal, if any.

4. Copies of the records may be used at time of trial only if so ordered by the Court. Additionally, reference to the content of any records, or the existence of any such record shall only be made after so ordered by the Court.

5. If necessary in the judgment of the attorneys for the parties in this case, they may show or reveal the contents of the copies to their employees or agents, if the same may actively assist in the prosecution or defense of this case.

6. Plaintiff's attorneys may show or reveal contents of documents to their client, only in the event the documents describe or refer to incidents involving Plaintiff, and in no other instance.

7. Any depositions, during which the contents or copies of the records are part of the testimony or copies of the records are attached as exhibits, any confidential portions thereof shall not be filed in the public record absent a Court order. <u>See</u> Civil Local Rule 79-5.

8. After completion of the judicial process in this case, attorneys for the parties shall return the above-referenced records to the Office of the City Attorney as attorney for the Custodian of Records for the Long Beach Police Department and shall retain no copy of such material in any form.

9. Attorneys for the parties shall cause the substance of this Order to be communicated to each person to whom the information is revealed in accordance with this Order.

10. The attorneys for the parties shall not cause or knowingly permit disclosure of the contents of the copies beyond the disclosure permitted under the terms and conditions of this Order, including but not limited to any news media which is inclusive of film or video, television, radio or print.

11. This order may be signed in counterparts. A faxed signature shall serve with the same force and effect of an original signature.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

The Court retains jurisdiction to modify this Protective Order and to make further Orders with respect to control and use of the information delivered to the attorneys for the parties pursuant to this Order, including Orders as to the ultimate disposition of said copies while the judicial process is pending.

DATED: May 25, 2011                    ROBERT E. SHANNON, City Attorney

                                       */s/ Howard D. Russell*
                                       By: _____
                                           HOWARD D. RUSSELL,
                                           Deputy City Attorney
                                       Attorneys for Defendants, CITY OF LONG
                                       BEACH, QUINCY MILES, JONATHAN
                                       STEINHAUSER, NICHOLAS HO,
                                       ALFREDO CHAIREZ, DANNY
                                       HERNANDEZ, EDDIE SANCHEZ, SGT.
                                       MILTON G. THOMAS, SGT. GORDON W.
                                       COLLIER


DATED: May 19, 2011                    THOMAS BECK, ESQ.

                                       THE BECK LAW FIRM
                                           */s/ Thomas Beck*
                                       By:_____
                                       THOMAS BECK, ESQ.
                                       Attorney for Plaintiffs, DEBRA STEFANO,
                                       SUZI CARMICHAEL, ELIZABETH
                                       STEFANO, IAN HARROWER, DANIEL
                                       A. LOPEZ BALBONTIN, LUCAS SCHAFER


IT IS SO ORDERED.

DATED: May 25, 2011.


                                       _____/s/_____
                                       HON. JACQUELINE CHOOLJIAN
                                       U.S. MAGISTRATE JUDGE